IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02229-REB-KLM

ELLA J. WASHINGTON,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Remand** [Docket No. 8; Filed September 20, 2012] (the "Motion"). Defendant has filed a **Response to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction** [#10; Filed October 4, 2012] (the "Response"), a **Supplement to Defendant's Response** [#12; Filed October 19, 2012] (the "Supplemental Response"), and a **Second Supplement to Defendant's Response** [#17; Filed October 26, 2012] (the "Second Supplemental Response"). Plaintiff has filed a **Reply in Support of Motion to Remand** [#16; Filed October 25, 2012] (the "Reply"). The Motion is referred to this Court for recommendation. [#9]. The Court has reviewed the Motion, the Response, the Supplemental Response, the Second Supplemental Response, the Reply, the case record, and the applicable law, and is fully advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Remand [#8] be **DENIED**.

I.     **Summary of the Case**

Plaintiff initiated this action by filing a Complaint and Jury Demand on March 22, 2012, in the District Court of Boulder County, Colorado.  [#3] at 8-16.  On July 27, 2012, Plaintiff filed an Amended Complaint and Jury Demand ("Amended Complaint"). [#5]. Plaintiff alleges in the Amended Complaint that she was injured in a motor vehicle accident on September 28, 2007. [#5] at 1.  Plaintiff contends that she was a passenger in a vehicle driven by her husband and that they were traveling southbound on Interstate 25 in Denver, Colorado.  *Id.*  She alleges that another vehicle then collided with the rear of the vehicle in which she was riding, causing her to sustain various injuries.  *Id.* at 2.  Plaintiff further alleges that the driver of the other vehicle was negligent and caused the collision.  *Id.* Plaintiff asserts that at all relevant times, she was insured by Defendant for uninsured/underinsured motorist benefits.  *Id.*  Plaintiff further asserts that the driver of the other vehicle was also insured by Defendant for $25,000.  *Id.*  On March 29, 2010, Plaintiff states that she resolved her claims with the driver of the other vehicle by accepting the $25,000 policy limit.  *Id.*  at 3.  Plaintiff alleges that she is entitled to underinsured motorist benefits but that Defendant has failed to honor the insurance policy and pay such benefits to Plaintiff. [#5] at 3-6.

Plaintiff alleges three claims for relief in the Amended Complaint. [#5] at 6-7.  First, Plaintiff asserts a claim for underinsured motorist benefits pursuant to her automobile insurance policy and an umbrella policy with Defendant.  *Id.* at 6.  Second, Plaintiff alleges that Defendant has acted in bad faith in connection with her underinsured motorist claim in violation of C.R.S. 10-3-1104 and 10-3-1113(4).  *Id.*  Third, Plaintiff alleges violations of C.R.S. 10-3-1115 and 10-3-1116.  *Id.* at 7.  Plaintiff alleges that Defendant violated C.R.S.

2

10-3-1115 by unreasonably delaying and denying payment of underinsured motorist benefits to her. *Id.* She therefore alleges that pursuant to C.R.S. 10-3-1116, she is entitled to receive double the covered benefit and reasonable attorneys' fees. *Id.* For relief, Plaintiff seeks compensatory damages, costs and attorneys' fees. *Id.* at 8.

Defendant filed an Answer on August 21, 2012. [#2]. On that same day, Defendant filed a Notice of Removal to United States District Court for the District of Colorado ("Notice of Removal"). [#1]. Defendant asserts in the Notice of Removal that the federal court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because "there is diversity between the parties and the amount in controversy exceeds $75,000." [#1] at 1.

## II.    Analysis

Plaintiff asserts in the Motion that Defendant has the burden of showing that the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332 have been satisfied. [#8] at 2.   Plaintiff contends that Defendant has not established that the amount in controversy exceeds $75,000. *Id.* at 3.[1]   Plaintiff therefore argues that the case should be remanded to state court. *Id.* at 6.

Defendant argues in the Response that Plaintiff's allegations in the Amended Complaint, the civil cover sheet filed with the state court complaint, and Plaintiff's refusal to stipulate that her damages do not exceed $75,000, are sufficient to show that the amount in controversy exceeds $75,000. [#10] at 1-2. Defendant contends that Plaintiff's alleged medical expenses, her request for double recovery, her claim for bad faith damages and her request for attorneys' fees make it "facially apparent" that the amount in

---

[1] Plaintiff does not contest that diversity of citizenship exists between the parties. [#8] at 3, n.1.

controversy exceeds $75,000. *Id.* at 2-3. Defendant therefore argues that the Motion is without merit and should be denied. *Id.* at 3.

In the Supplemental Response, Defendant explains that after filing its Response, Plaintiff submitted her Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), in which she alleges "at least" $72,814.69 in medical bills in addition to damages for stress, frustration, emotional distress, mental anguish, permanent impairment and disfigurement. [#12] at 2 (citing Plaintiff's Initial Disclosures). In her calculation of damages section, Plaintiff further requests twice the covered benefit pursuant to C.R.S. 10-3-1115 and 10-3-1116, statutory penalties and benefits, attorneys' fees and statutory interest. *Id.* In the Second Supplemental Response, Defendant brings to the Court's attention another case in this District in which Chief Judge Krieger denied a motion to remand where the plaintiff refused to stipulate that the amount sought was less than $75,000. [#17] at 2 (citing Docket No. 7 of 10-cv-00032-RBJ-CBS).

Plaintiff argues in the Reply that the $25,000 settlement with the driver of the other vehicle will be set off from any recovery of underinsured motorist benefits. [#16] at 2. In addition, Plaintiff suggests that Defendant will be entitled to an additional $25,000 setoff based on medical benefits it paid pursuant to the insurance contract. *Id.* Plaintiff also claims that Defendant's evaluation of Plaintiff's underinsured motorist claim at less than $22,000 is relevant and should be considered by the Court. *Id.* Plaintiff argues that because it is not readily apparent from the Amended Complaint that the amount in controversy exceeds $75,000, the case should be remanded.

"Jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000." *Lowell v. State*

4

*Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing 28 U.S.C. § 1332(a)). If a case commenced in state court satisfies these criteria, a defendant may remove the case to federal court. *See* 28 U.S.C. § 1441(a). However, when a federal court lacks subject matter jurisdiction over a dispute removed from state court, the court must remand the action to state court. 28 U.S.C. § 1447(c). A "[d]efendant's right to remove and [a] plaintiff's right to choose [its] forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citation omitted). Regardless of whether removal is initially proper, if at any time "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

In cases removed to federal court, "'[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.'" *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). As the party invoking the federal court's jurisdiction, the defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. *Id.* at 1290. Where a plaintiff's damages are unspecified, a defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.*

Here, the Court has no difficulty finding that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The Court finds that Plaintiff's allegations in the Amended Complaint [#5],

information in the Notice of Removal [#1], and Plaintiff's refusal to stipulate to an amount in controversy of less than $75,000 are sufficient to establish the jurisdictional amount such that the Court's exercise of diversity jurisdiction is proper.

Plaintiff alleges that her medical bills related to the subject collision exceed $70,000. [#5] at 6.  She alleges that she is entitled to underinsured motorist benefits from Defendant, damages for bad faith in connection with Defendant's handling of her claim, and damages for double the covered benefit based on Defendant's alleged unreasonable delay and denial of insurance benefits.  *Id.* at 6-8.  Plaintiff alleges that she is entitled to compensatory damages, costs and attorneys' fees.

As Defendant argues, even if Plaintiff's claims were limited to her medical expenses and for double the covered benefit under Colorado law, the alleged damages are more than $210,000.00. [#10] at 2.  Plaintiff argues, however, that after applying the setoff amount already paid by Defendant for the settlement with the driver of the other vehicle and for medical benefits paid under the policy, the amount of medical expenses she can recover is approximately $20,000.00. [#16] at 2.  Even if that is true, however, Plaintiff is not limiting her underinsured motorist claim to her medical expenses.  Plaintiff alleges in the Amended Complaint that she has endured pain and suffering; incurred loss of enjoyment of life, loss of wages and impairment of earning capacity; and sustained permanent impairment and physical disfigurement. [#5] at 2.  Plaintiff intends to seek compensation for those damages in addition to the medical expenses.  *See id.*  Thus, Plaintiff's total claim for underinsured motorist benefits is clearly more than $20,000, given all the non-economic losses for which she is seeking compensation.

Consequently, when the amount Plaintiff is seeking for her underinsured motorist

claim is combined with her separate claim, in which she seeks double the amount of her underinsured motorist benefit pursuant to C.R.S. 10-3-1116, the Court finds that the amount in controversy is already satisfied.  For example, if Plaintiff were only seeking an additional $10,000 over and above her medical expenses to compensate her for non-economic losses, her underinsured motorist claim would be more than $30,000.  Add to that a separate claim under C.R.S. 10-3-1116 for double the amount of the underinsured motorist benefit, and the total for the claims is already more than $90,000.  *See Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-1112 (D.Colo. 2012) (holding that C.R.S. 10-3-1116 allows a plaintiff to recover two times the benefits that he claims were unreasonably delayed or denied in addition to recovering those same benefits pursuant to a separate claim).

Moreover, this figure does not even take into account Plaintiff's additional claim for bad faith damages, nor does it consider Plaintiff's claim for attorneys' fees, which as Defendant points out, are properly considered in determining the amount in controversy. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").  Thus, the Court finds that the allegations in the Amended Complaint provide sufficient evidence that the amount in controversy exceeds $75,000.

In addition to the allegations in the Amended Complaint, information in the Notice of Removal [#1], specifically the civil cover sheet attached to the original complaint, provides further evidence that the amount in controversy exceeds $75,000.  Plaintiff

checked a box on the cover sheet indicating that she is seeking a monetary judgment of more $100,000. [#1-7]. Although Plaintiff is correct that there is substantial authority in this District that a civil cover sheet alone is insufficient to show that the amount in controversy exceeds $75,000, those cases are distinguishable in that here, the Court is relying on more than just the cover sheet to make its finding that the amount in controversy is satisfied. *See* [#8] at 5 (citing District of Colorado cases that found civil cover sheets alone are not enough to satisfy the amount in controversy requirement). Thus, the Court finds that the civil cover sheet provides additional evidence of the amount in controversy.

Finally, the Court considers Plaintiff's refusal to stipulate that the damages she is seeking do not exceed $75,000 as evidence showing the amount in controversy is satisfied. As noted above, in another case in this District, Chief Judge Krieger found in favor of Defendant on a motion to remand where Plaintiff refused to so stipulate. *See* Docket No. 7 of 10-cv-00032–RBJ-CBS. Chief Judge Krieger ruled:

> Assuming – without necessarily finding – that the Plaintiff is correct that the amount in controversy requirement of 28 U.S.C. 1332(a) was not satisfied on the face of the Complaint and the Notice of Removal, such that remand would have been appropriate, the Court nevertheless finds that the undisputed contention that the Plaintiff refused to stipulate that the amount sought was less than $75,000 would constitute evidence independently establishing that the amount in controversy exceeded that sum, thereby making the case removable nevertheless.

*Id.* Here, Plaintiff does not dispute Defendant's contention that Plaintiff refuses to stipulate that the amount she is seeking is less than $75,000. *See* [#16] at 3-4. Thus, the Court finds that Plaintiff's refusal to so stipulate provides further evidence that the amount in controversy is satisfied.

The Court concludes that based on information in the Amended Complaint and the civil cover sheet attached to the Notice of Removal, and based on Plaintiff's refusal to

stipulate to the amount of damages being sought, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000 such that this Court has diversity jurisdiction over this matter.

## III.   Conclusion

For the foregoing reasons,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#8] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 11, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge